LOUIS P. CROCE, INCORPORATED, PLAINTIFF, v. MYRON JACK, DEFENDANT.

Decided July 18, 1931.

LAWRENCE, C. C. J.   Plaintiff instituted this suit on July 17th, 1930, to recover on certain promissory notes given by defendant on account of the purchase price of certain restaurant fixtures covered by a conditional bill of sale, title to which was to remain in plaintiff until paid for.   Defendant admittedly has not paid the notes, alleging in the answer filed that there was a failure of consideration in that plaintiff did not install the kind of fixtures called for by the agreement and otherwise breached it to his damage which he makes the subject of a counter-claim.   On March 10th, 1931, plaintiff caused a writ of replevin to be issued out of the Common Pleas Court of the county, under which it repossessed the chattels in question.   In the suit thereon, defendant filed no answer and allowed the judgment for possession to go by default, although the basis of the action was failure to pay the notes in the present suit, which under the terms of the sales agreement gave plaintiff the right to take possession, if it so elected.

Plaintiff now moves to strike the answer and counter-claim of defendant in the present suit on the ground that he failed to litigate the notes in the *subsequent* replevin suit, and is now estopped because the latter suit disposed of the issue here involved and has therefore become *res adjudicata*.   This does not appear to be so, however.   How the latter suit could affect the pending action instituted long prior is not made clear.   Plaintiff retained title to the chattels under the agree-

ment and on defendant's failure to pay the notes, no matter for what reason—even though legitimate—the former became entitled to take them back. The interesting question now arises, however, whether it can also recover on the notes. In any event, defendant's right to rest upon his answer and counter-claim in the pending suit seems clear. The motion to strike will therefore be denied. The amendments asked for, or rather applied for, on the hearing of the motion are deemed unnecessary and will not be allowed. The ruling on the proposed amendments may, however, be regarded as made without prejudice to a renewal of the application therefor at the trial, should it then appear, under the evidence, that they should be made, in order that the record may disclose all of the issues involved.